# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARTINEZ WATTS,**
**D.O.C. # 073347**

    **Plaintiff,**

vs.                                                                                      Case No. 4:21cv216-WS-MAF

**GOVERNOR RON DESANTIS,**
**SECRETARY MARK INCH,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case by submitting a hand-written "complaint for violation of civil rights," ECF No. 1, and an "application to proceed without prepaying fees/costs." ECF No. 2. Because Plaintiff's case initiating documents were insufficient as filed, an Order was entered providing guidance to Plaintiff.  ECF No. 4.

First, Plaintiff was advised of the distinction between the two categories of prisoner petitions: "(1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement."  Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36

L.Ed.2d 439 (1973) (quoted in ECF No. 4). Plaintiff was informed that habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release." ECF No. 4. Because it appeared that Plaintiff was requesting such relief, Plaintiff was advised to consider filing a notice of voluntary dismissal under Rule 41(a) of this case because release from prison was not a possible remedy in a civil rights action. *Id.* No response to that Order was filed, nor did Plaintiff file a Rule 41 notice.

In addition, neither Plaintiff's complaint nor his in forma pauperis motion could proceed as filed because they were not properly signed. Thus, Plaintiff was also advised to file an amended complaint which properly contained his signature and he was required to file an amended in forma pauperis motion which included the required information concerning his inmate bank account. ECF No. 4.

As of this date, Plaintiff has not responded to that Order by the June 29, 2021, deadline. *Id.* He has not indicated either a desire to voluntarily dismiss this case or to continue it. It would appear that Plaintiff has abandoned it by failing to respond. Because Plaintiff was warned that a

recommendation would be made to dismiss this case if he did not comply by the deadline provided, dismissal is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 13, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.**  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.